FILED IN DISTRICT COURT
OKLAHOMA COUNTY

APR - 4 2019

RICK WARREN
COURT CLERK
59_____

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA**

| | |
|---|---|
| (1)   MARCUS and RETHA REDUNZEL, as Parents and Next of Kin to A.E.R., minor child, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) |
|  | ) CASE NO. **2019 - 1835** |
|  | ) |
| (1) INDEPENDENT SCHOOL DISTRICT NO. I-007 OF OKLAHOMA COUNTY, STATE OF OKLAHOMA, a/k/a HARRAH SCHOOL DISTRICT; | ) ) ) ) |
| (2) PAUL BLESSINGTON, individually and as the Superintendent of the HARRAH SCHOOL DISTRICT; | ) ) ) |
| (3) DOUG PARKER, individually and as the Principal of the VIRGINIA SMITH ELEMENTARY of the HARRAH SCHOOL DISTRICT; | ) ) ) ) |
| (4) BOARD OF EDUCATION FOR THE HARRAH SCHOOL DISTRICT, | ) ) ) |
| Defendants. | ) **Attorney Lien Claimed** ) |

## PETITION

Plaintiffs, for the claims against Defendants, allege and state as follows:

### JURISDICTION

1.     This action arises under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and Art. 2, Sections 6, 7 and 30 of the Oklahoma Constitution, and actionable pursuant to 42 U.S.C. § 1983.

2.     This action also arises under state law claims of negligence, negligent assault and battery, negligent supervision of employees, negligent hiring and

retention of employees, negligent infliction of emotional distress, and negligent

assault and battery in violation of the laws of the State of Oklahoma.

    3.     This action seeks equitable relief, actual, compensatory and punitive

damages, and costs and attorneys' fees for the acts committed by the Defendants

for the violation of the rights of Plaintiffs.

## **PARTIES**

    4.     Plaintiffs were residents of Oklahoma County, State of Oklahoma, at all

times relevant in this case.

    5.     Defendant Independent School District No. I-007 of Oklahoma County,

State of Oklahoma, a/k/a HARRAH SCHOOL DISTRICT a/k/a Virginia Elementary

School ("HARRAH SCHOOL DISTRICT"), is an organization existing under the laws

of the State of Oklahoma, and operated under the control and supervision of the (4)

Board of Education for the HARRAH SCHOOL DISTRICT.

    6.     Defendant DOUG PARKER, individually and  as the Superintendent

of the HARRAH School District is the direct supervisor of the employees of

HARRAH Schools, including Principal DOUG PARKER of Virginia Smith

Elementary, of the HARRAH SCHOOL DISTRICT.

    7.     Defendant, Board of Education for the HARRAH SCHOOL DISTRICT,

is the direct supervisor of superintendent and the principal and determines the

policies and practices for the HARRAH SCHOOLS DISTRICTS.

    8.     Defendants operated out of Oklahoma County, State of Oklahoma, and

the acts alleged in this case occurred in Oklahoma County at all times relevant in this case.

9.     Therefore the proper venue is the District Court of Oklahoma County, State of Oklahoma.

10.     Pursuant to Oklahoma law under the Governmental Tort Claims Act, 51 O. S. § 152, the Plaintiffs timely filed the Notice of Tort Claim with the Office of Risk Management and the Defendants failed to respond within 90 days.

11.     Plaintiffs bring this action within 180 days after expiration of the 90 days pursuant to the Governmental Tort Claims Act.

## PARTIES

12.     Plaintiffs, Marcus and Retha Redunzel, as Parents and Next of Kin to A.E.R., a minor child, resided in Oklahoma County, State of Oklahoma, when the alleged acts occurred.

13.     Plaintiff A.E.R., a *six (6) year-old* minor child, was under the care, custody and control of Virginia Smith Elementary of the HARRAH SCHOOL DISTRICT ("Virginia Smith Elementary") when the acts occurred.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

14.     On March 2, 2018, Plaintiff A.E.R., a minor child ("A.E.R."), was a student regularly attending Virginia Smith Elementary of the HARRAH SCHOOL DISTRICT and under the care and control of the HARRAH SCHOOL DISTRICT.

Page 3

15.     On March 2, 2018, A.E.R. was sent from her regular classroom to the Special Education classroom because A.E.R. got upset when she was denied putting on her jacket during class.

16.     On March 2, 2018, the Special Education teacher sent A.E.R. to the office of the Principal, Defendant DOUG PARKER ("Principal PARKER").

17.     While in Principal PARKER's office, A.E.R. pulled her jacket abruptly to take it off and the jacket slung toward Principal PARKER and struck him.

18.     Plaintiffs allege that Principal PARKER assaulted A.E.R., grabbing her arm, pulling her toward him, then grabbed her by the face and head while screaming at A.E.R. ("The Assault").

19.     Further, Plaintiff allege that Principal PARKER dugged his "sharp nails" into A.E.R.'s neck and aggressively shoved A.E.R. into a door which bruised A.E.R.'s nose.

20.     The Assault was witnessed by employees of Virginia Smith Elementary and possible bystanders.

21.     The Assault was not reported to A.E.R.'s parents, Plaintiff Marcus and Retha Redunzel, at the time the incident happened and withheld until a teacher contacted them later that evening.

22.     The Assault was reported to the HARRAH Police Department by Plaintiff Marcus and Retha Redunzel.

23.     On June 1, 2018, Principal PARKER was charged by the Oklahoma

County District Attorney with Child Abuse of the minor child, A.E.R.

24.     On February 6, 2019, Principal PARKER pled guilty to child abuse of A.E.R., in Case No. CF-2018-2513, in the District Court of Oklahoma County, State of Oklahoma.

25.     HARRAH SCHOOL DISTRICT received prior complaints of abuse by Principal PARKER against employees and students of HARRAH SCHOOL DISTRICT.

26.     HARRAH SCHOOL DISTRICT failed and refused to protect the minor children of the school such as A.E.R. from Defendant Principal PARKER.

27.     HARRAH SCHOOL DISTRICT has been sued before this incident of similar cases in  Oklahoma in which allegations of its long-standing of failure to monitor its employees and students to prevent assaults and unsafe environments.

### FIRST CAUSE OF ACTION

### Violation of Due Process

28.     Plaintiffs incorporate herein by reference all of the allegations heretofore made, and further state as follows:

29.     Plaintiff A.E.R. was in the custody and control of Defendants Principal PARKER and Virginia Smith Elementary and the liberty of Plaintiff A.E.R. was restrained so that she was unable to protect or defend herself.

30.     Defendant  Principal PARKER, as the Principal and an employee of HARRAH SCHOOL DISTRICT, negligently denied Plaintiff A.E.R.'s due process while her liberty was so restrained that she was unable to protect herself.

31.     Because Plaintiff A.E.R.'s liberty was restrained, Defendants had an affirmative duty to protect the minor chiled but Defendants' failed to protect Plaintiff A.E.R. from Defendant Principal PARKER .

32.     Defendant Principal PARKER acted under color of state law while employed by HARRAH SCHOOL DISTRICT.

33.     Defendants acted with deliberate indifference and reckless disregard for Plaintiff A.E.R.'s due process rights under the Fifth and Fourteenth Amendments to the United States Constitution to be free from abuse while under the care and control of Defendants.

34.     Defendants failed to maintain an appropriate system of review of abuse claims, and failed to identify conduct by their employees which constitute abuse and deliberate indifference and reckless disregard for Plaintiff A.E.R.'s due process rights to be free from  abuse while under the care and control of Defendants.

35.  .  Defendants failed to maintain an appropriate screening procedure that would identify employees who are prone to  abuse of children in deliberate indifference and reckless disregard for Plaintiff A.E.R.'s due process rights to be free from  abuse while under the care and control of Defendants.

36.     Defendants failed to maintain a safe environment free from  abuse and therefore unreasonably interfered with Plaintiff A.E.R.'s ability to receive educational benefits.

37.     The failure of Defendants to maintain a safe environment free from abuse caused a severe and permanent injury that deprived Plaintiffs' child of a

fundamental liberty interest in the care, custody and companionship of their child and obstructed their ability to determine Plaintiff A.E.R.'s ability to function within the community.

38.    Defendants have previously been sued for similar civil rights violations in the federal court in Oklahoma in which allegations of its long-standing failure to monitor its contractors that provide services to the school children of Harrah because of under staffing and unsafe environment.

39.    The acts, conduct and behavior of the Defendants were so grossly negligent, performed knowingly, intentionally, and with such a wilful disregard of the rights of the Plaintiffs as to constitute fraud and oppression, by reason of which the Plaintiffs are entitled to punitive damages against the individual Defendants only.

40.    That as a result of the Defendants' actions, the Plaintiffs and Plaintiff A.E.R. have suffered mental and emotional distress, aggravation, annoyance and embarrassment, and caused the Plaintiff children to seek past and future counseling and therapy, all of which should be valued in excess of $10,000.00.

## SECOND CAUSE OF ACTION

### Negligence

41.    Plaintiffs incorporate herein by reference all of the allegations heretofore made, and further state as follows:

42.    Defendants had a duty to protect A.E.R. from abuse and injury. Defendants negligently failed to maintain an appropriate system of review of abuse claims, and failed to identify conduct by their employees which constitute abuse of

incapacitated children.

43.     Defendants negligently failed to maintain an appropriate screening procedure that would identify employees who are prone to abuse of incapacitated children.

44.     Defendants negligently failed to properly train and supervise Defendant Principal PARKER as a Principal in whose custody incapacitated children could be placed.

45.     Defendants negligently failed to properly review the work history of Defendant Principal PARKER and therefore negligently failed to properly evaluate Defendant Principal PARKER as a teacher for incapacitated children.

46.     Defendants negligently failed to maintain a safe environment free from abuse and therefore negligently interfered with Plaintiff A.E.R.'s ability to receive education and created an intimidating, hostile and offensive environment for Plaintiff A.E.R..

47.     The negligence of Defendants by their failure to maintain a safe environment free from abuse caused a severe and permanent injury that deprived Plaintiffs of a fundamental liberty interest in the care, custody and companionship of the incapacitated children, and obstructed Plaintiffs' ability to determine Plaintiff A.E.R.'s ability to function within the community.

48.     Defendants' actions are the proximate cause of injury to Plaintiff A.E.R. because she suffered mental and emotional distress, aggravation, annoyance and embarrassment, and caused Plaintiff A.E.R. to seek past and future counseling and

therapy, all of which should be valued in excess of $10,000.00.

49.     The acts, conduct and behavior of the Defendants were so grossly negligent, performed knowingly, intentionally, and with such a wilful disregard of the rights of the Plaintiff A.E.R. as a minor child as to constitute fraud and oppression, by reason of which the Plaintiffs are entitled to punitive damages as to individual defendants only.

50.     That as a result of the Defendants' actions, Plaintiffs and Plaintiff A.E.R., as an incapacitated minor child, have suffered mental and emotional distress, aggravation, annoyance and embarrassment,  and caused the Plaintiff incapacitated children to seek past and future counseling and therapy, all of which should be valued in excess of $10,000.00.

### THIRD CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

51.     Plaintiffs incorporate herein by reference all of the allegations heretofore made, and further state as follows:

52.     Plaintiff A.E.R. was in the care and control of Defendants and the liberty of this incapacitated children were restrained so that she was unable to care for herself or her parents were unable to care for her.

53.     Defendant Principal PARKER, an employee of the HARRAH SCHOOL DISTRCT, negligently assaulted Plaintiff A.E.R..

54.     Because Plaintiff A.E.R.'s liberty was restrained, Defendants had an affirmative duty and knew or should have known of the  abuse, and Defendants

negligently failed to protect Plaintiff A.E.R. from Defendant Principal PARKER.

55. Defendants negligently failed to maintain a safe environment free from abuse and therefore negligently interfered with Plaintiff A.E.R.'s ability to receive educational benefits and created an intimidating, hostile and offensive environment for Plaintiff A.E.R., and created emotional distress in Plaintiff A.E.R. beyond that which a reasonable person should endure.

56. The negligence of Defendants to maintain a safe environment free from abuse caused a severe and permanent injury that deprived Plaintiffs of a fundamental liberty interest in the care, custody and companionship of the incapacitated children, and obstructed their ability to determine Plaintiff A.E.R.'s ability to function within the community, and created emotional distress in Plaintiffs beyond that which a reasonable person should endure.

57. Defendants' actions are the proximate cause of injury to Plaintiff A.E.R. because she suffered mental and emotional distress, aggravation, annoyance and embarrassment, and caused Plaintiff A.E.R. to seek past and future counseling and therapy, all of which should be valued in excess of $10,000.00.

58. That as a result of the Defendants' actions, Plaintiffs and Plaintiff A.E.R., as an incapacitated child, have suffered mental and emotional distress, aggravation, annoyance and embarrassment, and caused Plaintiffs and Plaintiff A.E.R., as an incapacitated child, to seek past and future counseling and therapy, all of which should be valued in excess of $10,000.00.

59. The acts, conduct and behavior of the Defendants were so grossly

negligent, performed knowingly, and with such a wilful disregard of the rights of Plaintiffs as to constitute fraud and oppression, by reason of which the Plaintiffs are entitled to punitive damages as to individual Defendants only.

## FOURTH CAUSE OF ACTION

### Negligent Assault and Battery

60.     Plaintiffs incorporate herein by reference all of the allegations heretofore made, and further state as follows:

61.     Plaintiff A.E.R. was in the care and control of Defendants and the liberty of this incapacitated child were restrained so that she was unable to care for herself or her parents were unable to care for her.

62.     Defendant Principal PARKER, an employee of HARRAH SCHOOL DISTRICT, negligently assaulted and battered Plaintiff A.E.R. when he negligently choked Plaintiff A.E.R..

63.     Because Plaintiff A.E.R.'s liberty was restrained, Defendants had an affirmative duty to protect A.E.R. from assault and battery, but Defendants negligently failed to protect Plaintiff A.E.R. from Defendant Principal PARKER's assault and battery.

64.     Defendants' actions are the proximate cause of injury to Plaintiff A.E.R. because she suffered mental and emotional distress, aggravation, annoyance and embarrassment, and caused Plaintiff A.E.R. to seek past and future counseling and therapy, all of which should be valued in excess of $10,000.00.

65.     That as a result of the Defendants' actions, Plaintiffs and Plaintiff

A.E.R., as an incapacitated child, have suffered mental and emotional distress, aggravation, annoyance and embarrassment, and caused Plaintiffs and Plaintiff A.E.R., as an incapacitated child, to seek past and future counseling and therapy, all of which should be valued in excess of $10,000.00.

66.    The acts, conduct and behavior of the Defendants were so grossly negligent, performed knowingly, and with such a wilful disregard of the rights of Plaintiffs as to constitute fraud and oppression, by reason of which the Plaintiffs are entitled to punitive damages as to Individual Defendants only.

## FIFTH CAUSE OF ACTION

### Violation of 42 U.S.C. §1983

67.    Plaintiffs incorporate herein by reference all of the allegations heretofore made, and further state as follows:

68.    Plaintiff A.E.R. had a property interest in her continued educational career  based on subsidies from DHS and other federal and state grants.

69.    Defendants are subject to liability under 42 U.S.C. §1983.

70.    Defendants' lack of remedial action to protect Plaintiff after the assault and  harassment was unreasonable in light of the circumstances.

71.    Defendants' policy, practice and custom proximately caused injury to Plaintiff A.E.R. because of the Defendant's failure to maintain an appropriate system of review of assault and  harassment claims, and failed to identify conduct by their employees which pose substantial risk of violence to incapacitated children.

72.    Defendants'  policy,  practice  and  custom  evidenced  deliberate

indifference and reckless disregard for Plaintiff A.E.R.'s right to be free from assaults and harassment while under the supervision of Defendants Harrah School District.

73. Plaintiff A.E.R. has been injured by the said deprivation of her federally protected property interest and her constitutional rights guaranteed to all citizens under the Fourteenth Amendment to the United States Constitution and actionable pursuant to 42 U.S.C. §1983.

74. Plaintiff A.E.R. has been damaged through emotional distress, and Plaintiff is entitled to punitive damages as to individual Defendants and any other damages allowed under 42 U.S.C. §1983.

## SIXTH CAUSE OF ACTION

### Violation of Equal Protection

75. Plaintiffs incorporate herein by reference all of the allegations heretofore made, and further state as follows:

76. Defendants were acting as public employees through the auspices of the school district at all relevant times hereto whose actions were made possible through the use and misuse of their authority as public employees.

77. Defendants were acting under the color of their authority in a manner which deprived Plaintiff A.E.R. of her constitutional right to equal protection and that such Defendants are liable in their individual capacities.

78. Defendants' lack of remedial action to protect Plaintiff from the assault, shows that Defendants acted deliberately indifferent to the acts of assault and battery against Plaintiff A.E.R.,

79.     Defendants' policy, practice and custom proximately caused injury to Plaintiff A.E.R. because of the Defendant's failure to maintain an appropriate system of review of assault, and failed to identify conduct by their employees which pose substantial risk of violence to incapacitated children.

80.     Defendants' policy, practice and custom evidenced deliberate indifference and reckless disregard for Plaintiff A.E.R.'s right to be free from assaults and harassment while under the supervision of Defendants.

81.     Plaintiff's Fourteenth Amendment constitutional rights as to equal protection were clearly established at the time of the action in questions and, therefore, the Defendants are liable for the actions taken in violation of such rights in accordance with 42 U.S.C., §1983.

82.     The actions listed above have caused a physical, mental and emotional injury to Plaintiff in an amount to be determined by the jury.

83.     To the extent that the action of any individual Defendants are deemed willful or deliberately indifferent, then punitive damages are available, and should be assessed against each such Defendant.

### RELIEF REQUESTED

WHEREFORE, Plaintiffs pray that judgment be granted to Plaintiffs as to all causes of action, and that damages be awarded consistent with causes of action specified in each cause of action together with pre- and post judgment interest; compensatory damages, including emotional distress, mental anguish, and humiliation in an amount in excess of Ten thousand ($10,000.00) Dollars each; the

costs and expenses, including reasonable attorney's fees, as provided by law; punitive damages, as provided for by applicable law; and for such other legal or equitable relief this Honorable Court deems just and proper.

*Respectfully Submitted,*

KELLI MCCULLAR, OBA #20091
228 N. Broadway
Shawnee, OK 74801
405.214.2889 Firm
405.275.0776 facsimile
*e-mail: mccullarlaw@sbcglobal.net*

and

E. Ed Bonzie, OBA #15190
8201 S. Walker
Oklahoma City, OK 73139
405.631.1021 Firm
405.616.2488 facsimile
email: ed@edbonzielaw.com
Attorney for Plaintiffs

**Attorney Lien Claimed**

Z:\2019.03.12.Redunzal.Petition.(1).wpd