IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCUS REDUNZEL and RETHA REDUNZEL, as parents and next of kin to A.E.R., a minor,<br><br>    Plaintiffs,<br><br>v.<br><br>INDEPENDENT SCHOOL DISTRICT NO. I-007 OF OKLAHOMA COUNTY a/k/a HARRAH SCHOOL DISTRICT, PAUL BLESSINGTON, individually and as superintendent of the Harrah School District, DOUG PARKER, individually and as principal of Virginia Smith Elementary of Harrah School District, and BOARD OF EDUCATION FOR THE HARRAH SCHOOL DISTRICT,<br><br>    Defendants. | Case No. CIV-19-377-SLP |

## **O R D E R**

Before the Court is the Motion for Remand [Doc. No. 9] filed by Defendant Doug Parker. It is at issue. *See* Resp., Doc. No. 11. Mr. Parker argues that this case should be remanded because he did not consent to (and objects to) removal of this case from state court to this Court. The Court agrees—based on the lack of unanimity of Defendants in favor of removal. *See NPI, Inc. v. Pagoda Ventures, Ltd.*, No. 08-CV-346-TCK-SAJ, 2008 WL 3387467, at *3 (N.D. Okla. Aug. 8, 2008) ("[I]t is well established that removal generally requires unanimity among the defendants. This unanimity rule applies regardless of whether the removing parties predicate federal subject matter jurisdiction on diversity

or federal question. If the unanimity rule is not satisfied, *i.e.*, all defendants fail to join in removal, this is considered a procedural defect in the removal process, which warrants remand pursuant to 28 U.S.C. § 1447(c)." (quotation marks and citations omitted)). The other Defendants do not oppose Mr. Parker's remand request. Accordingly, this case shall be REMANDED.

Mr. Parker requests attorneys' fees and costs associated with his remand request under 28 U.S.C. § 1447(c), which allows "[a]n order remanding [a] case [to] require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Before it will award attorneys' fees and costs, the Court requires submission of billing or time records identifying what tasks were performed during the time for which a party seeks reimbursement, as well as a detailed description of any requested costs—all for the Court's evaluation.

IT IS THEREFORE ORDERED that the Motion for Remand [Doc. No. 9] filed by Defendant Doug Parker is GRANTED IN PART and RESERVED IN PART, and this case is REMANDED to the District Court of Oklahoma County, State of Oklahoma, except for the issue of whether attorneys' fees and costs should be awarded to Mr. Parker, over which the Court retains jurisdiction. *See Gregory v. Fallin*, No. CIV-13-554-D, 2014 WL 769157, at *1 (W.D. Okla. Feb. 26, 2014) ("[A] district court retains jurisdiction to consider collateral matters after remand and . . . attorney's fees may be awarded under a separate order."). The Clerk of the Court is directed to take all necessary actions required to remand this case to the District Court of Oklahoma County, State of Oklahoma, as indicated herein.

IT IS FURTHER ORDERED that Mr. Parker may file a motion requesting attorneys' fees and costs under 28 U.S.C. § 1447(c) within seven days of this Order, to which the other Defendants and Plaintiffs may respond.

IT IS FURTHER ORDERED that Defendants' Partial Motion to Dismiss [Doc. No. 4] is DENIED due to the Court's lack of jurisdiction to rule on the same based on remand of this case to state court.[1]

IT IS SO ORDERED this 28th day of May, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[1] The Court makes no determinations regarding the merits of the arguments included in the dismissal motion.